UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INSURANCE CO.,

Plaintiff,

v.

DAVID THOMSON, *et al.*,

Defendants.

Case No. C07-0739RSL

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #16) filed by plaintiff Allstate Insurance Company ("Allstate"). Allstate seeks an order stating that it is not obligated to provide coverage for, or a defense to, defendants David and Johna Thomson (the "Thomsons") for the claims made against them by defendant Jason Boerner ("Boerner").[1] Allstate argues that Boerner alleges actions that, even if true, are

---

[1] On September 4, 2007, the Court granted Allstate's motion and entered a default judgment against defendant Boerner, who has never appeared in this action. However, it is unclear why Boerner, who is not a party to the insurance contract, was named as a defendant.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 1

not covered by its policy with the Thomsons.

For the reasons set forth below, the Court denies plaintiff's motion.[2]

## II.  DISCUSSION

**A.   Background Facts.**

The facts relevant to this motion are straightforward and undisputed.  The Thomsons owned and lived in a house on South Lakeridge Drive in Seattle (the "house") until they sold it to Boerner in July 2004.  When they sold the house, they disclosed in the Seller Disclosure Statement that the house suffered from "normal settling."  Complaint, Ex. A.

On December 1, 2006, Boerner filed suit against the Thomsons in King County Superior Court.  Declaration of Douglas Foley, (Dkt. #17) ("Foley Decl."), Ex. A (the complaint in the underlying lawsuit, hereinafter, the "Underlying Complaint").  The Underlying Complaint alleged that on or around March 1, 2006, Boerner "discovered major cracks in the foundation, drywall, and plaster that had been previously patched and covered up" by the Thomsons.  Underlying Complaint at ¶ 3.  The Underlying Complaint further alleged that "the Property had been settling over many years and was kept up cosmetically instead of structurally" and that "downspouts were also rerouted prior to [Boerner's] ownership due to past drainage problems associated with the settling problem."  Id. at ¶ 4.  Boerner further alleged that after he took possession, he discovered that "water was leaking from outside the property beneath the kitchen floor causing the kitchen floor to eventually buckle and crack."  Id. at ¶ 5.  He also asserts, "Instead of informing [him] of the defect in the Property, the Defendants covered up all visual

---

[2]  Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, Allstate's request for oral argument is denied.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2

1  evidence that would have put Plaintiff on notice that major settling issues were present."

2  Id. at ¶ 8.  Boerner asserts claims against the Thomsons for fraud and negligent

3  misrepresentation.

4      After receiving the Underlying Complaint, the Thomsons contacted Allstate to

5  inquire about the existence of coverage.  Shortly thereafter, Allstate filed this action

6  seeking a declaratory judgment that no coverage exists.

7      The policy contains the following provision:

8      Coverage X
    Family Liability Protection

9

    Losses We Cover Under Coverage X
10     Subject to the terms, conditions and limitations of this policy, Allstate will pay
    damages which an injured person becomes legally obligated to pay because of
11     bodily injury or property damage arising from an occurrence to which this policy
    applies, and is covered by this part of the policy.
12
Foley Decl., Ex. B at p. 36.  The term "occurrence" is defined as "an accident, including
13
continuous or repeated exposure to substantially the same general harmful conditions
14
during the policy period, resulting in bodily injury or property damage."  The term
15
"property damage" is defined to mean "physical injury to or destruction of tangible
16
property, including loss of its use resulting from such physical injury or destruction."  Id.
17
at p. 12.
18
    The policy excludes the following:
19
    Losses We Do Not Cover Under Coverage X:
20     1.    We do not cover any bodily injury or property damage intended by, or
        which may reasonably be expected to result from the intentional or criminal
21         acts or omissions of, any insured person.  This exclusion applies even if:
        a) such bodily injury or property damage is of a different kind or degree
22         than intended or reasonably expected; or
        b) such bodily injury or property damage is sustained by a different person
23         than intended or reasonably expected.

24     2.    We do not cover bodily injury to an insured person or property damage to
        property owned by an insured person whenever any benefit of this coverage
25

26 ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 3

1     would accrue directly or indirectly to an insured person.

2  * * * *

3  14. We do not cover property damage to property rented to, occupied or used by, or in the care of an insured person.

4

5  15. We do not cover any liability an insured person assumes arising out of any contract or agreement.

Foley Decl., Ex. B at pp. 36-38.

## B. Summary Judgment Standard.

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## C. Analysis.

Allstate offers three reasons why the claims are not covered. First, it argues that it is not required to provide coverage for claims arising out of its insured's intentional acts. However, the property damage was not caused by an intentional act. In addition, although the Underlying Complaint alleges some intentional acts, including fraud, it also alleges negligent misrepresentation, which does not require intent.

Second, Allstate argues that coverage is excluded because the policy excludes "any liability an insured person assumes arising out of any contract or agreement." However, the Thomsons did not contract or agree to assume liability based on the condition of the

1 house. For example, they did not promise Boerner that they would pay for any defects he
2 later discovered. Instead, they entered into a routine real estate purchase and sale
3 agreement. In addition, fraud and negligent misrepresentation are torts, and they occurred
4 prior to the formation of, not arising out of, the contract.

5 Third, Allstate argues that the policy excludes "property damage to property rented
6 to, or occupied or used by, or in the care of, an insured person." It is undisputed that the
7 property damage occurred while the Thomsons occupied the house. However, they do
8 not occupy it now. Nor does the exclusion exclude coverage if the insured *ever* occupied
9 the premises. Therefore, Allstate is not entitled to a declaration that its policy does not
10 cover the claims asserted against the Thomsons.

11 The duty to defend is broader than the duty to indemnify. See, e.g., Truck Ins.
12 Exchange v. Vanport Homes, Inc., 147 Wn.2d 751, 760 (2002). The duty to defend
13 "arises when a complaint against the insured, construed liberally, alleges facts which
14 could, if proven, impose liability upon the insured within the policy's coverage." Id.
15 (internal citation and quotation omitted). The insurer is relieved of the duty to defend
16 only if the claim alleged is clearly not covered by the policy. Kirk v. Mt. Airy Ins. Co.,
17 134 Wn.2d 558, 561 (1998) (internal citation omitted). Because Allstate is not entitled to
18 summary judgment on its claim that no coverage exists, it is not entitled to summary
19 judgment on its claim that it has no duty to defend.

20 **III. CONCLUSION**

21 For all of the foregoing reasons, the Court DENIES plaintiff's motion for summary

22
23
24
25
26 ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 5

judgment (Dkt. #16).

DATED this 10th day of January, 2008.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 6