UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INSURANCE CO.,

Plaintiff,

v.

DAVID THOMSON, *et al.*,

Defendants.

Case No. C07-0739RSL

ORDER DENYING SECOND MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on an "amended" motion for summary judgment (Dkt. #28) filed by plaintiff Allstate Insurance Company ("Allstate"). Allstate seeks an order stating that it is not obligated to provide coverage for, or a defense to, defendants David and Johna Thomson (the "Thomsons") for the claims made against them by defendant Jason Boerner ("Boerner").[1] Allstate argues that Boerner alleges

[1] On September 4, 2007, the Court granted Allstate's motion and entered a default judgment against defendant Boerner, who has never appeared in this action. However, it is unclear why Boerner, who is not a party to the insurance contract, was named as a defendant.

actions that, even if true, are not covered by its policy with the Thomsons.

For the reasons set forth below, the Court denies plaintiff's motion.[2]

## II. DISCUSSION

### A. Background Facts.

On December 1, 2006, Boerner filed suit against the Thomsons in King County Superior Court for fraud and negligent misrepresentation. Declaration of Douglas Foley, (Dkt. #17) ("Foley Decl."), Ex. A (the complaint in the underlying lawsuit, hereinafter, the "Underlying Complaint"). Boerner alleged that the Thomsons concealed physical defects in the house that they sold to him. Other facts relevant to this motion are set forth in the Court's previous order denying Allstate's first motion for summary judgment, and with the exception of the relevant policy language, will not be repeated here.

The policy contains the following provision:

> Coverage X
> Family Liability Protection
>
> Losses We Cover Under Coverage X
> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an injured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

Foley Decl., Ex. B at p. 36. The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." The term "property damage" is defined to mean "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction." Id. at p. 12.

---

[2] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, Allstate's request for oral argument is denied.

The policy excludes the following:

Losses We Do Not Cover Under Coverage X:

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
   a) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
   b) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

2. We do not cover bodily injury to an insured person or property damage to property owned by an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

* * * *

14. We do not cover property damage to property rented to, occupied or used by, or in the care of an insured person.

15. We do not cover any liability an insured person assumes arising out of any contract or agreement.

Foley Decl., Ex. B at pp. 36-38.

On January 10, 2008, the Court denied Allstate's motion for summary judgment. Shortly thereafter, Allstate filed a motion for reconsideration. The Court denied the motion, and noted that Allstate asserted two arguments not advanced in its motion for summary judgment: (1) it relied on Allstate v. Bowen, 121 Wn. App. 879 (2004) and argued that negligent misrepresentation in a real property transaction does not cause property damage; and (2) it argued that the fortuity doctrine precludes coverage. The Court explained that Allstate could file another motion for summary judgment "that advances its new arguments." (Dkt. #27). Allstate subsequently filed an "amended" motion for summary judgment in which it raises all of its previously asserted, and

rejected, arguments for summary judgment in addition to the two new arguments.[3] The Court's ruling on the previously raised arguments is the law of the case and will not be revisited. In this order, the Court will consider only Allstate's two new arguments.

**B. Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C. Analysis.**

The parties agree and the Court finds that Washington law applies.

> In Washington, insurance policies are construed as contracts. An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance. If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. If the clause is ambiguous, however, extrinsic evidence of intent of the parties may be relied upon to resolve the ambiguity. Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured. A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.

---

[3] The previously raised, and rejected, arguments include: (1) the exclusions apply for property "owned" by an insured or property "occupied by" or "in the care of" an insured person; (2) Allstate is not required to provide coverage for "property damage to property rented to, occupied or used by, or in the care of, an insured person;" and (3) Allstate is not required to provide coverage for "bodily injury, personal injury or property damage arising from any contract or agreement."

Panorama Vill. Condo. v. Allstate Ins. Co., 144 Wn.2d 130, 137 (2001) (quoting Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665-66 (2000)) (internal quotations omitted). The Thomsons concede that Allstate did not have a duty to defend or indemnify them for the fraud claim. The Court therefore considers whether Allstate has a duty to defend and/or indemnify for the remaining claims based on negligence.

The duty to defend is broader than the duty to indemnify. See, e.g., Truck Ins. Exchange v. Vanport Homes, Inc., 147 Wn.2d 751, 760 (2002). The duty to defend "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." Id. (internal citation and quotation omitted). The insurer is relieved of the duty to defend only if the claim alleged is clearly not covered by the policy. Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 561 (1998) (internal citation omitted).

The facts and the policy language in this case are very similar to those in Allstate v. Bowen, 121 Wn. App. 879, 900 (2004), in which the underlying complaint alleged that the insureds "'intentionally or negligently, or innocently failed to disclose accurate and truthful information on the Form 17' and that as a result [the buyers] suffered 'damages to their property and other financial damages.'" In that case, the court held that there was a duty to defend because the complaint alleged an occurrence, the failure to disclose, and property damage caused by the failure to disclose. Id. at 901 ("This is essentially a misrepresentation claim"). Similarly, in this case, the underlying complaint alleges property damage,[4] intentional or negligent failure to disclosure, and resulting damages.

---

[4] The property damage alleged in this case includes "major cracks in the foundation" and buckling and cracking of the kitchen floor caused by water intrusion.

As in *Bowen*, those allegations triggered the duty to defend. Once the duty to defend has been triggered, the duty is relieved "only if the claim is clearly covered by an applicable exclusionary clause within the policy." American Best Food, Inc. v. London, Ltd., 138 Wn. App. 674, 683 (2007) (internal citations omitted). Allstate argues that unlike in *Bowen*, the policy in this case contains exclusions for "owned property" and "property occupied by an insured or in the care of an insured." Allstate argues that the Thomsons owned the property when the damage occurred. The Court, however, previously ruled that those exclusions do not relieve Allstate of the duty to defend. Exclusions are construed against the insurer. See, e.g., West Am. Ins. Co. v. State Farm Mut. Auto Ins. Co., 4 Wn. App. 221 (1971). In addition, the Thomsons do not own or occupy the property *now*, nor did they when Boerner filed the underlying action.

Allstate also contends that it has no duty to defend because the economic loss claimed is not fortuitous.[5] Allstate contends that an insurer cannot be required to provide coverage for a loss that the insured knew or should have known about when it purchased the insurance. Allstate's Motion at p. 11 (citing Aluminum Co. v. Aetna, 140 Wn.2d 517 (2000)). However, in this case, the underlying complaint does not allege, nor is there any evidence in the record to show, that the Thomsons knew about the damage when they purchased the policy.

In addition, Allstate notes that the policy provides third party, not first party coverage. It contends that if the Thomsons had asked Allstate to pay for the repairs

---

Underlying Complaint at ¶¶ 3, 5.

[5] Allstate also argues that it is not required to provide coverage for claims arising out of its insured's intentional acts. However, although the Underlying Complaint alleges some intentional acts, including fraud, it also alleges negligent misrepresentation, which does not require intent.

before the sale, Allstate would have had no obligation to do so because of the owned property exclusion. However, Allstate's argument ignores the fact that a *third party* is claiming to have been injured. Accordingly, the Court finds that Allstate has a duty to defend the Thomsons.

Allstate also contends that it has no duty to indemnify. However, the Court finds that argument is premature. Unlike in *Bowen*, the underlying litigation is continuing. In addition, plaintiff in the underlying litigation is in the process of amending his complaint, which could alter the nature of his claim and Allstate's duty. In addition, discovery is on-going. For these reasons, the Court denies the motion as premature.

## III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment (Dkt. #28).

DATED this 10th day of March, 2008.

Robert S. Lasnik
United States District Judge